IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ALBERT SMITH, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 04-CV-118 (WLS) |
| KENNETH HODGES, III, and GREGORY EDWARDS, | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the defendants' Motion to Dismiss. The plaintiff filed this action in August 2004, raising allegations of denial of access and malicious prosecution. Specifically, the plaintiff alleges that while confined at the Dougherty County Jail awaiting trial on murder charges, the defendants deprived him of his mail and telephone privileges and denied him access to an attorney. In their Motion to Dismiss, the defendants, the District Attorney and Assistant District Attorney for the Dougherty Judicial Circuit, assert that they are entitled to the protection of prosecutorial immunity.

The defendants' motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

In general, and as argued by the defendants, prosecutors are entitled to absolute immunity from liability for those actions "within the scope of his duties initiating and pursuing a criminal prosecution." Imbler v. Pachtman, 96 S. Ct. 984, 985 (1976). However, in determining immunity,

the court must look to "the nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 108 S. Ct. 538, 545 (1988). "[T]he *Imbler* approach focuses on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993). In Imbler, the Supreme Court specifically found that "[w]e have no occasion to consider whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer than that of advocate. We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler, 96 S. Ct. at 995. In subsequent cases, the Supreme Court has ruled certain prosecutorial activities outside the scope of absolute immunity. "In *Burns (v. Reed*, 111 S. Ct. 1934 (1991)), the provision of legal advice to the police during their pretrial investigation of the facts was protected only by qualified, rather than absolute immunity. Similarly, in *Buckley*, the prosecutor was not acting as an advocate either when he held a press conference, or when he allegedly fabricated evidence concerning an unsolved crime." Kalina v. Fletcher, 118 S. Ct. 502, 507 (1997) (internal citations omitted).

      The allegations set forth in plaintiff's complaint, which must be accepted as true for purposes of defendants' Motion to Dismiss, do not outline activities for which the defendants are clearly entitled to absolute prosecutorial immunity. The defendants argue that the "line [between functions protected by absolute immunity] sits primarily in the *pre-arrest* phase of a criminal case. After an arrest, absolute immunity typically is stretched far into the case and even into its afterlife." Neville v. Classic Gardens, 141 F. Supp. 2d 1377, 1393 (S.D.Ga. 2001). However, the actions described by the plaintiff, while allegedly occurring after his arrest, appear to fall into that area "involving acts which are 'clearly beyond the proper exercise of [a prosecutor's] authority and

2

exceed any possible construction of the power granted to [his] office.'" Id. at 1384 (quoting Romer v. Morgenthau, 119 F. Supp. 2d 346, 354 (S.D.N.Y. 2000)).  The plaintiff maintains that he was denied access to an attorney for six months, including during periods of questioning when he had requested that an attorney be present, and that he was denied mail and telephone privileges for a period of seventeen (17) days.  The defendants do not identify any specific prosecutorial function with which these actions are associated, other than "questioning the subject".  With the allegations of plaintiff's complaint accepted as true, the court cannot say "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." Conley, 355 U.S. at 45-46.

Accordingly, it is the recommendation of the undersigned that the defendants' Motion to Dismiss be **DENIED**.[1]  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 9th day of February, 2006.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that if these issues are presented in a properly supported motion for summary judgment, the outcome may very well be different.  Constrained by the standards for determining a motion to dismiss and the lack of clear indication as to the functions being performed during the alleged offenses, the court finds that it must recommend the denial of defendants' motion.