IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ALBERT SMITH, :
:
    Plaintiff :
:
:
VS. : 1 : 04-CV-118 (WLS)
:
KENNETH HODGES, III, and :
GREGORY EDWARDS, :
:
:
    Defendants. :

**RECOMMENDATION**

    Presently pending herein is the defendants' Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

    The plaintiff filed this action in August 2004, raising allegations of denial of access and malicious prosecution. Specifically, the plaintiff alleges that while confined at the Dougherty County Jail awaiting trial on murder charges, the defendants deprived him of his mail and telephone privileges and denied him access to an attorney.

*Standard of review*

    Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and

reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). The defendants have supported their motion with their affidavits.

The plaintiff was transferred to the Dougherty County Jail on July 2, 2004, on charges of malice murder and felony murder, having been previously held in the custody of the State of Florida. The plaintiff alleges that after he arrived at the Dougherty County Jail, he was denied a phone call and deprived of mail and telephone privileges while confined in isolation for the next 19 days. The plaintiff also apparently alleges that he was denied contact with an attorney during this time period and was denied counsel during his appearance at his co-defendant's trial.

According to the defendants' affidavit testimony, defendant Edwards, the Chief Assistant District Attorney for the Dougherty Judicial Circuit, requested that the Sheriff's Office prevent the plaintiff from collaborating with a co-defendant, Broderick Wilcox, who was also housed at the Dougherty County Jail. Edwards states that

> [t]his restriction would be in effect through and until Smith's own trial. This identical request was made regarding Wilcox's contacts with Smith. This request is routine when co-defendants are arrested and housed together. There was also a request that for a period of three days, from 9:00 am July 9, 2004 to 6:00 pm July 12, 2004, the anticipated dates of the trail of co-defendant Broderick Wilcox, that visitation and telephone usage be restricted.

2

Edwards affidavit at ¶ 3.

In regard to plaintiff's contentions that he was denied access to an attorney at various points during his pre-trial incarceration, both defendants maintain that they did not deny the plaintiff access to an attorney at any time. The plaintiff was brought to court during his co-defendant's trial only for the purposes of witness identification and did not testify or take the stand. The defendants assert that plaintiff's initial appointed attorney was R. Ripley Bell, who was replaced by Mark Phillips on July 7, 2004. Mr. Phillips later discontinued his representation of the plaintiff and was replaced by Hugh Morris on May 12, 2005. The plaintiff apparently later terminated Mr. Morris' representation.

In response to the defendants' summary judgment motion, the plaintiff has submitted an unsworn "answer" and documentation regarding his stay in the Dougherty County Jail. The jail records do reflect that per instructions of Chief District Attorney Edwards, the plaintiff was placed on telephone restriction and was to be kept separated from his co-defendant Wilcox, beginning on July 2, 2004, plaintiff's arrival date, and extended until July 9, 2004. These records also reflect an extension of this original time period until at least July 12, 2004, with certain documents showing that the DA's office requested an "indefinite" extension of the restrictions on July 9, 2004. Other documentation shows that on July 19, 2004, officials at the jail clarified that Edwards advised that the telephone and visitation restrictions were dropped but that the no contact restriction remained in force in regard to the plaintiff and his co-defendant Wilcox, at least until the time of plaintiff's trial.

Although it appears that telephone and visitation restrictions were in place during the time period in question, the defendants have established that said restrictions were issued in order to

3

keep the plaintiff and his co-defendant separated during their respective trials, in order to ensure the integrity of the judicial process. The plaintiff, a pretrial detainee at the time of the events underlying this lawsuit, certainly retained certain constitutional rights despite his pretrial detention. However, "simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations. . . . A court must decide whether the [restriction] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. . . . [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment'." <u>Bell v. Wolfish</u>, 99 S. Ct. 1861, 1874-1878 (1979). Herein, the legitimate penological purpose behind the restrictions placed on the plaintiff, to wit, keeping the plaintiff and his co-defendant separated during trial, removed the restrictions from the realm of punishment. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." <u>Id.</u> at 1878.

Additionally, the plaintiff has failed to overcome the defendants' summary judgment showing that they in no way restricted the plaintiff's access to an attorney, providing only his unsworn statement that the defendants prevented him from seeing an attorney during the time period in question. To the extent that the plaintiff maintains that he was prevented from having representation during his presence at his co-defendant's trial, the defendants have established that plaintiff did not testify at this trial but was present merely for the purposes of witness identification.

Accordingly, it is the recommendation of the undersigned that the defendants' Motion for

Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 2nd day of February, 2007.

    /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb